**\*E-FILED 10-31-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES LLC, | No. C11-05240 HRL |
| Plaintiff, | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE** |
| v. | |
| HECTOR A. PERLERA; LAURA GUTIERREZ, and DOES 1-5, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Pro se defendants Hector Perlera and Laura Gutierrez removed this unlawful detainer action from San Benito County Superior Court. For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

Plaintiff Aurora Loan Services LLC ("Aurora") filed this unlawful detainer action in May 2011 San Benito County Superior Court. According to the complaint, plaintiff acquired the subject property through a foreclosure trustee's sale in March 2011. (Complaint, ¶¶ 4-5). The complaint further alleges that on March 16, 2011, plaintiff served defendants with a notice to vacate, but defendants refused to deliver possession of the property. (Id. ¶¶ 6-8).

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. If, after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28

U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id.

Defendants contend that removal is proper because the "complaint presents federal questions." (Notice of Removal at 2). The record indicates that plaintiff's complaint states only a claim for unlawful detainer. It does not allege any federal claims whatsoever. (Notice of Removal Ex. A). Defendants argue that Aurora's unlawful detainer complaint violates federal law. (Notice of Removal, ¶¶ 8-10). Here, they point out that they filed a demurrer, claiming that plaintiff failed to give them proper notice. Additionally, in their Notice of Removal, defendant assert that plaintiff "failed to comply with The Protecting Tenants at Foreclosure Act [12 U.S.C. § 5220]." (Notice of Removal at 2). However, defendants' allegations in their removal notice or in a response to plaintiff's complaint cannot provide this court with federal question jurisdiction. Accordingly, defendants have failed to show that removal is proper on account of any federal substantive law.

Nor does this court have diversity jurisdiction over the matter. Defendants do not establish diversity of citizenship in their removal notice, and a review of the complaint shows that it specifies that the amount of claimed damages does not exceed $10,000.00. (Complaint at 1). In any event, as California defendants, defendants do not have the right to remove this action to federal court under diversity jurisdiction. 28 U.S.C. § 1441(b) (stating that an action is removable for diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge summarily remand the case to San Benito County Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

SO ORDERED.

Dated: October 31, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:11-cv-05240-HRL Notice has been electronically mailed to:

Eric Gene Fernandez    eric.fernandez@tflglaw.com, donna.hoagland@tflglaw.com, laurie.howell@tflglaw.com, noah.bean@tflglaw.com, sean.bedrosian@tflglaw.com

Sean Bedrosian    sean.bedrosian@tflglaw.com

5:11-cv-05240-HRL Notice sent by U.S. Mail to:

Hector A. Perlera
501 Talbot Drive
Hollister, CA 95023

Laura Gutierrez
501 Talbot Drive
Hollister, CA 95023

4